MARY JO O'NEILL  AZ BAR #005924
SALLY C. SHANLEY  AZ BAR #012251
MICHELLE G. MARSHALL  AZ BAR #017358
P. DAVID LOPEZ  DC BAR #426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**PHOENIX DISTRICT OFFICE**
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA  85012-2504
TELEPHONE: (602) 640-5020
FACSIMILE:  (602) 640-5009
E-MAIL:
mary.oneill@eeoc.gov
sally.shanley@eeoc.gov
michelle.marshall@eeoc.gov
patrick.lopez.@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | CIV |
| Plaintiff, | **COMPLAINT** |
| v. | (Jury Demanded) |
| East Valley Diagnostic Imaging, Inc., | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation, and to provide appropriate relief to Elgirtha Worthy, who was adversely affected by such practices.  As alleged with greater particularity below, the Commission alleges Defendant East Valley Diagnostic Imaging Services , Inc. ("Defendant" or "EVDI") racially harassed and otherwise discriminated against Elgirtha Worthy because of her race, Black, including derogatory race-based comments and racial slurs.  The Commission also alleges EVDI retaliated against Ms. Worthy by subjecting her to different terms and conditions of

employment and terminated her because of her race and because she complained about the unlawful discrimination.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3)  of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, EVDI, has continuously been a Delaware corporation doing business in the State of Arizona and the City of Mesa, and has continuously had at least 15 employees.

5.    At all relevant times, EVDI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Ms. Worthy filed a charge with the Commission alleging violations of Title VII by EVDI.  All conditions precedent to the institution of this lawsuit have been fulfilled.

### FIRST CLAIM:

### DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT

7.    Since at least December 1999, EVDI has engaged in unlawful employment practices at its Mesa, Arizona facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Ms. Worthy in the terms and conditions of

1  employment on the basis of her race, Black.

2        8.    The unlawful discrimination includes but is not limited to the following:

3              a.    Unlawfully harassing Ms. Worthy because of her  race, Black,

4                    including but not limited to racially derogatory comments; and

5              b.    Treating Ms. Worthy less favorably than non-Black employees.

6                    **SECOND CLAIM: RETALIATION**

7        9.    Since approximately December 1999, EVDI has engaged in unlawful

8  employment practices at its Mesa, Arizona facility, in violation of Section 704(a) of Title

9  VII, 42 U.S.C. § 2000e-3(a) by retaliating against Ms. Worthy because she opposed practices

10 made unlawful by Title VII.  EVDI's retaliatory employment practices include but are not

11 limited to subjecting Ms. Worthy to adverse terms, conditions, and privileges of employment

12 and threats of disciplinary action after she expressed opposition to and made complaints

13 about unlawful employment practices.

14       10.   On numerous occasions, Ms. Worthy complained to EVDI that she was being

15 discriminated against on the basis of her race, Black.

16       11.   As a result of Ms. Worthy's complaints, EVDI labeled her as a troublemaker,

17 blamed her for the mistakes of others, disciplined her and instructed Ms. Worthy not to speak

18 to co-workers and instructed co-workers not to speak to her.

19       12.   As a result of EVDI's unlawful racial discrimination and retaliation, in about

20 October 2004, Ms. Worthy required a medical leave of absence.

21       13.  On or about February 14, 2005, EVDI terminated Ms. Worthy's employment

22 because of her race, Black and in retaliation for her complaints about the unlawful racial

23 discrimination.

24       14.   The effect of the practices complained of in paragraphs 7-13 above has been

25 to deprive Ms. Worthy of equal employment opportunities and otherwise adversely affect her

26 status as an employee, because of her race, Black.

27                    **THIRD CLAIM: RECORDKEEPING VIOLATION**

28       15.   Since at least 2005, EVDI has failed, in violation of Section 709(c) of Title VII,
   42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of

                                         3

whether unlawful employment practices have been or are being committed.    Upon information and belief, EVDI has failed to comply with the reporting requirements of 29 C.F.R. § 1602.7 and has never filed Standard Form 100, as revised (otherwise known as "Employer Information Report EEO-1").

16.    The unlawful employment practices complained of in paragraphs 7-15 above were and are intentional.

17.    The unlawful employment practices complained of in paragraphs 7-13 above were and are done with malice or with reckless indifference to the federally protected rights of Elgirtha Worthy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant EVDI, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination and retaliation and any other employment practice which discriminates on the basis of race.

B.    Order Defendant EVDI to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race and for those who oppose unlawful employment discrimination, and which policies, practices and programs eradicate the effects of EVDI's past and present unlawful employment practices.

C.    Order Defendant EVDI to make whole Elgirtha Worthy, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Elgirtha Worthy or frontpay in lieu thereof.

D.    Order Defendant EVDI to make whole Elgirtha Worthy, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-13 above, including any medical expenses not covered by EVDI's employee benefit plan, in amounts to be determined at trial.

4

E.      Order Defendant EVDI to make whole Elgirtha Worthy by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.      Order Defendant EVDI to pay Elgirtha Worthy punitive damages for the conduct described in paragraphs 7-13 above, in amounts to be determined at trial.

G.      Order Defendant to make and preserve all records in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed, and specifically order Defendant to comply with the reporting requirements of 42 U.S.C. § 2000e-8(c) as set forth by 29 C.F.R. § 1602.7.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

### **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

//
//
//
//
//
//
//
//
//
//
//

5

1      DATED this 26th day of May, 2006.

2                         Respectfully submitted,

3

4                         JAMES L. LEE
                        Deputy General Counsel

5                         GWENDOLYN YOUNG REAMS
                        Associate General Counsel

6

7                         EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        1801 L Street, N.W.

8                         Washington, D.C.  20507

9

10                          s/ Mary Jo O'Neill
                        MARY JO O'NEILL

11                         Regional Attorney

12                         s/ Sally C. Shanley

13                         SALLY C. SHANLEY
                        Supervisory Trial Attorney

14

15                         s/ Michelle G. Marshall
                        MICHELLE G. MARSHALL

16                         Trial Attorney
                        s/ P. David Lopez

17                         P. DAVID LOPEZ
                        Trial Attorney

18

19                         EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        Phoenix District Office

20                         3300 N. Central Ave., Suite 690
                        Phoenix, Arizona  85012

21                         (602) 640-5020
                        Attorneys for Plaintiff

22

23

24

25

26

27

28