**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> PLAINTIFF, <br><br> AND <br><br> ELGIRTHA WORTHY, <br><br> INTERVENOR, <br><br> V. <br><br> EAST VALLEY DIAGNOSTIC IMAGING, L.L.C.; CORINA BING AND JOHN DOE BING, HUSBAND AND WIFE, <br><br> DEFENDANTS. | CIV 06-1396-PHX-SMM <br><br> **CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the Commission or EEOC) filed this action against East Valley Diagnostic Imaging, L.L.C. ("EVDI" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged EVDI discriminated against Elgirtha Worthy by racially harassing and otherwise discriminating against Elgirtha Worthy because of her race, Black. The Commission also alleges EVDI retaliated against Ms. Worthy by subjecting her to different terms and conditions of employment. Ms. Worthy moved to intervene as

a plaintiff in this case on November 29, 2006, and that Motion was granted on February 28, 2007. The Worthy Complaint alleged further claims and also named Corrina Bing, one of Defendant's former employees, and her husband ("Bing Defendants"). EVDI denied all allegations of the Complaint and affirmatively alleged that it neither discriminated nor retaliated against Ms. Worthy.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This Decree resolves all claims of the Commission and Ms. Worthy against Defendant and the Bing Defendants, including back pay, compensatory and punitive damages, interest, injunctive relief, and attorneys' fees and costs (collectively "Damages") arising out of the issues that were or could have been raised in this lawsuit.

## **INJUNCTION**

2. Defendant, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, are permanently enjoined for the duration of the decree from (a) racially harassing any employee and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of racial harassment or retaliation, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

## **MONETARY RELIEF**

3. The Parties agree to settle this matter, without an admission of liability or wrongdoing by any party. Defendant or its insurer will pay $150,000 to Ms. Worthy. The $150,000 is to be paid within fifteen business days after this Consent Decree has been entered by the Court.

4. Defendant or its insurer will pay the settlement amount by check payable to Elgirtha Worthy and Kirtley Wells Law Office ("KWLO") in trust for Elgirtha Worthy. This payment represents a complete settlement and payment in full.

5. The check provided for in Paragraphs Three and Four of this Decree shall be mailed directly by Defendant to KWLO at 3800 N. Central Avenue, Suite 615, Phoenix Arizona 85012. Concurrently with the mailing of the check to KWLO Defendant shall submit a copy of the check and any related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

## **OTHER RELIEF**

6. Defendant shall expunge from Ms. Worthy's personnel file all references to her charges of discrimination filed against Defendant or her participation in this action, derogatory documents which relate to complaints, or investigation of complaints of racial harassment or retaliation.

7. Within fifteen business days after the Court enters this Decree, the Defendant shall provide Ms. Worthy with a written apology, without an admission of liability, attached as Attachment A, signed and printed on Defendant's letterhead.

8. Defendant shall provide Ms. Worthy with a positive written employment reference and pursuant to its policy, will verify her dates of employment when requested by a prospective employer.

9. Defendant shall take prompt, appropriate corrective action against the appropriate individuals who participated in, condoned or failed to act upon complaints of racial harassment or retaliation purportedly giving rise to the allegations in this case.

10. Defendant shall institute and carry out policies and practices that help assure a work environment free from racial harassment of its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure a work environment free of racial harassment and retaliation, Defendant shall take the actions provided in Paragraphs Eleven through Twenty of this Decree.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

11.     Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the notice attached as Attachment B.  The notice shall be the same type, style, and size as Attachment B.

12.     Defendant shall provide training on racial harassment and retaliation, according to the following terms:

A.     Defendant shall retain and pay for a consultant/lecturer who shall provide consultation and training for a period of two (2) years from the date of this Decree.  During each of the next two years, the consultant/lecturer shall conduct one live seminar training session each year.  Defendant has identified Jay Zweig as its consultant/trainer.  If Jay Zweig is not available, Defendant will obtain the EEOC's approval for a replacement.  All Defendant employees shall attend the seminar sessions in each of the two years.  Defendant may, at its election, have duplicative videotaped sessions to accommodate staffing needs.  Defendant shall be responsible for any additional costs to provide such duplicative sessions.  Jay Zweig or the approved replacement consultant/trainer will attend and help facilitate the videotaped sessions.

B.     During the first year, 2007, the seminar-training session shall be conducted within four (4) months of the entry of this Decree.  For the second year, the seminar-training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

C.     The seminar-training sessions shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers.  All personnel designated in Paragraph Twelve-A, shall both register and attend the seminar-training session.  The registry of attendance shall be retained by Defendant for the duration of the Decree.

D.     The seminars shall include, but are no limited to, the subject of what constitutes racial harassment and retaliation; that racial harassment and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII; how to prevent racial harassment and retaliation; how to

provide a work environment free from racial harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to racial harassment or retaliation in the workplace, including to whom and by what means employees may complain if they feel that an officer, executive or Board Member of the company is or has subjected them to racial harassment or retaliation.  The session shall also review and explain Defendant's policies set out in Paragraph Seventeen of this Decree.

E. The seminars shall communicate to the employees about the discipline that can be taken against officers, supervisors, managers, and employees of Defendant who commit acts of racial harassment or retaliation or allow racial harassment or retaliation to occur in the workplace, the importance of maintaining an environment free of racial harassment and retaliation, and Defendant's policy in regard to racial harassment and retaliation referred to in Paragraph Fourteen of this Decree.  A company official will also speak.

13. The Commission, at its discretion, may designate Commission representatives to attend and observe the sessions.  The EEOC will provide Defendant reasonable advance notice of its intent to attend the training session and no more than two EEOC representatives will attend each session.

14. Within thirty (30) days of the entry of this Decree, Defendant shall revise its written policy concerning racial and other forms of harassment and retaliation to conform with the law and shall submit the policy for review to the Regional Attorney of the Phoenix District Office of the EEOC.  This written policy must include, at a minimum:

A. A strong and clear commitment to a workplace free of racial discrimination and retaliation;

B. Clear and complete definitions of racial harassment and retaliation, with many relevant examples;

C. A clear and strong encouragement of persons who believe they have been harassed or retaliated against to come forward;

    D. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

    E. A promise of appropriate confidentiality for persons who believe that they have been harassed or retaliated against;

    F. An assurance of non-retaliation for witnesses of racial harassment and persons who believe they have been racially harassed;

    G. That racial harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

    H. The identification of specific individuals, with their telephone numbers, to whom employees who have been harassed on the basis of their race, or retaliated against, can report the problem, including a written statement that the employee may report to designated persons outside their chain of management;

    I. That employees are not to discuss racial jokes while at work;

    J. Assurances that Defendant will investigate racial harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the racial harassment and retaliation.

    These policies shall be transmitted by Defendant's CEO and distributed to each current employee within thirty (30) days of the entry of the Decree. These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree. These policies also shall be posted in a prominent place frequented by the employees.

  15. Defendant shall institute a procedure that evaluates supervisors, managers, and applicable human resources personnel on their performance in responding to employee complaints. The failure of such an employee to enforce the racial harassment and anti-retaliation policy must result in disciplinary action.

  16. Defendant shall promptly and appropriately investigate all complaints of racial harassment and/or retaliation. The investigation must include a finding of whether

racial harassment and/or retaliation occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action, to discipline harassers and retaliators, and to eradicate the racial harassment and/or retaliation.

17. Defendant shall not retain documents related to the investigation of alleged racial harassment in any of the alleged victims' personnel files. All disciplinary actions taken against employees for violation of Defendant's racial harassment and/or anti-retaliation policy will be retained in the alleged harasser's personnel file or in a separate investigation file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged harasser's personnel file or in a separate investigation file.

## **REPORTING BY DEFENDANT AND ACCESS BY EEOC**

18. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

A. Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of racial harassment and/or retaliation;

B. The registry of persons attending the seminar required in Paragraph Twelve of this Decree and a list of personnel employed by Defendant on the day of the seminar-training session;

C. A one-time confirmation that (i) the Notice required in Paragraph Eleven of this Decree was posted and the locations in which it was posted, (ii) the policies required in Paragraph Fourteen of this Decree were posted and distributed to each current and new employee, and (iii) the expungement from Ms. Worthy's personnel file required in Paragraph Six of this Decree took place, the date of the expungement, and the specific documents expunged;

D. A one-time copy of the revised policy required in Paragraph Fourteen of this Decree;

E. A one-time copy of the apology letter mailed pursuant to Paragraph Seven.

19. Defendant shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. § 1602.7, commonly known as the "Employer Information Report EEO-1."

20. During the term of the Consent Decree, the Commission, upon reasonable advance notice, shall have the right to enter and inspect Defendant's premises to ensure compliance with this Consent Decree and Title VII's prohibition of racial harassment and retaliation.

## COSTS AND DURATION

21. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

22. The duration of this Decree shall be two (2) years from its entry. The parties agree that this matter can be terminated from the Court docket upon signing of the Order. This Court shall retain jurisdiction over this action for the duration of the Decree for the limited purpose of enforcing the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine, after reviewing the Commission's petition and Defendant's response, that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered. This Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry, without further action by the parties or the court, at which time this lawsuit will be dismissed with prejudice, without further action of the parties or this Court.

23. Upon this Court's entry of this Consent Decree, Mr. Worthy's Complaint, filed February 28, 2007 against EVDI and the Bing Defendants will immediately be dismissed with prejudice.

24. The parties agree to entry of this Consent Decree subject to final approval by the Court.

Dated this 13th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge

APPROVED AND CONSENTED TO:


_s/Sally Shanley for___
Mary Jo O'Neill
Regional  Attorney

s/ Sally C. Shanley
Sally C. Shanley
Supervisory Trial Attorney

s/ Michelle G. Marshall
Michelle G. Marshall
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
(602) 640-5020
Attorneys for Plaintiff

1
2
3   s/ Trisha L. Kirtley
    Trisha L. Kirtley, Esq.
4   Kirtley Wells Law Office
    3800 North Central Ave., Suite 615
5   Phoenix, AZ 85012-0001
6   (602) 264-7424
    Attorneys for Plaintiff Intervenor
7
8
9
10  s/ Jay A. Zweig
    Jay Zweig, Esq.
11  Gallagher & Kennedy, P.A.
12  2575 E. Camelback Road, Suite 1100
    Phoenix, Arizona 85016-9225
13  (602) 530-8407
14  Attorneys for Defendant
15
16  EAST  VALLEY  DIAGNOSTIC  IMAGING, L.L.C

17  By  s/C. Edward Hancock
    Its  Managing Member
18  .
19
20
21
22
23
24
25
26
27
28

ATTACHMENT A

[to be placed on East Valley Diagnostic Imaging, L.L.C. Letterhead]

[DATE]

Ms. Elgirtha Worthy
[ADDRESS]

Dear Ms. Worthy:

As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission and you against East Valley Diagnostic Imaging, L.L.C., alleging that it violated Title VII of the Civil Rights Act when you were racially harassed and retaliated against. East Valley Diagnostic Imaging denies these allegations, but to put this matter behind all of us, we have agreed to settle the lawsuit.

Please accept my apology on behalf of East Valley Diagnostic Imaging, L.L.C. for any negative treatment that you believe that you endured or complained about while you worked for us. Please also accept EVDI's commitment that the company will take the necessary steps to ensure that current and future employees will not be subjected to any harassment or retaliation.

I appreciate the service you provided to EVDI. I wish you the best of luck in the future.

Sincerely,

s/ C. Edward Hancock

Managing Member
East Valley Diagnostic Imaging, L.L.C.

ATTACHMENT  B

NOTICE TO ALL EMPLOYEES OF
EAST VALLEY DIAGNOSTIC IMAGING, L.L.C.

It is unlawful under federal law (Title VII of the Civil Rights Act of 1964, as amended) and state law to discriminate against an employee on the basis of race.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

East Valley Diagnostic Imaging, L.L.C. will not discriminate against any employee on the basis of race and will not retaliate against any employee for complaining about discrimination.

If you believe you have been discriminated against by East Valley Diagnostic Imaging, L.L.C., you have the right to seek assistance from:

    (1)    EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

    (2)    Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

No Retaliation Clause.  No action may be taken against you by any supervisory or management official of East Valley Diagnostic Imaging, L.L.C. for:  (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under state or federal law anti-discrimination laws.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.


Dated:  03-07-07                s/C. Edward Hancock
                                         Managing Member
                                         East Valley Diagnostic Imaging, L.L.C.